UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES,                           CASE NO. 00-6022-CR-HURLEY

    Plaintiff,                        MAGISTRATE JUDGE VITUNAC

vs.

EDWARD DANY,

    Defendant.
_____/

**MOTION TO REDUCE BOND
AND
REQUEST FOR AN EVIDENTIARY HEARING**

NIGHT BOX FILED
FEB 25 2000
CLERK, USDC / SDFL / WPB

    COMES NOW, the Defendant, EDWARD DANY, by and through his undersigned attorney, and moves this Court to reduce the bond as previously set and order reasonable conditions of the Defendant's release. As grounds, the Defendant states the following:

    1. On January 14, 2000, Edward Dany, Douglas McCloud, Christopher Gilbourne, Howard Beckford, Dorrel Bryan, and Charles Llewlyn were taken into custody for allegedly violating Title 21, United States Code, Sections 841 and 846.

    2. An indictment alleging one count of Conspiracy to Distribute Cocaine and one count of Attempted Possession of Cocaine with Intent to Distribute was filed against Charles Llewlyn, Douglas McCloud, Christopher Gilbourne, Edward Danny and Dorrel Bryan.

    3. On January 24, 2000, the parties, with regard to Edward Dany, stipulated to a $200,000 corporate surety bond with Nebbia. However, the parties reserved the right to proceed with a pre-trial detention hearing at a later date. Upon information and belief, the high bond was set due to the uncertainty surrounding the Defendant's immigration status.

F:\WORK\CLIENTS.CR\DANNY\M2SETBON.WPD



4. On January 28, 2000, the undersigned substituted as attorney of record.

5. The following conditions of release have been set for the other co-defendants;

 a) Charles Llewlyn
  $150,000 corporate surety bond

 b) Douglas McCloud
  Stipulated $250,000 corporate surety bond with Nebbia

 c) Christopher Gilbourne
  $150,000 corporate surety bond

 d) Dorrel Bryan
  $100,000 personal surety bond or $25,000/10% cash bond with special conditions; surrender passports/travel documents, random urine testing, full time employment, avoid victims/witnesses, no firearms or weapons, curfew from 11:00pm to 6:00am, no excessive alcohol, and no illegal drugs

6. A review of the factors to be considered when the judicial officer determines whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community <u>support</u> the reduction of the current bond.

 a) The weight of the evidence against Edward Dany is less than the evidence against Charles Llewlyn, Douglas McCloud, Christopher Gilbourne and Dorrel Bryan. Pursuant to the criminal complaint at bar, the Defendant's involvement was minimal. Upon information and belief, the Defendant will present a "mere presence defense".

 b) Edward Dany has been in the United States continuously since April of 1994, at which time he came to the United States with his girlfriend of approximately nine years, Marietta Michel, and their oldest child, Sianite Dany. Since Edward Dany's arrival in the United States,

the Defendant and Marietta Michel have had three other children, Marlene Dany, Elerckes Dany, and Chermi Dany. Each of which were born on American soil. In addition to his girlfriend and four children, the Defendant has a brother, Monestine Dany and a sister Dieudonne Dany living in South Florida. Dieudonne Dany and her husband Melcou Cesar live in their own home located at 1205 NW 15th Street, Homestead, Florida, 33030. At present, Dieudonne Dany and Melcou Cesar have approximately $20,000 of equity in this house. Dieudonne Dany has resided in the United States since 1982 and has been a United States citizen for approximately ten years. Monestine Dany currently lives at 3597 NW 40th Court, Fort Lauderdale, Florida, 33304 and has lived in the United States since 1985. At the time of the Defendant's arrest, Edward Dany had been working at Latite Roofing and Sheet Metal Co., Inc. for approximately 1 (one) year and was a member of the Full Gospel Assembly Church located at 544 NE 3rd Avenue, Fort Lauderdale, Florida, 33019 for approximately 7 (seven) years. (See Exhibit A)

  c) There is no information to suggest the Defendant has a drug or alcohol problem, nor is there information to conclude Edward Dany will present a danger to any person or the community if he is released.

  d) There is no allegation that the Defendant used, attempted to use, or threatened to use physical force against the person or property of another during the commission of the alleged offense.

  e) The Defendant does not have a prior criminal arrest or conviction record. Consequently, the Defendant does not have a history of flight with regard to a criminal prosecution.

  7. After the Defendant's arrival in the United States in April of 1994, Edward Danny applied for political asylum. On or about April 2,

1996, the Defendant received an "Order to Show Cause and Notice of Hearing". The hearing was scheduled for July 5, 1996 at 9:00am at 155 South Miami Avenue, South Miami, Florida, 33130. (See Exhibit B). However, this hearing was rescheduled for August 16, 1996. (See Exhibit C). Unfortunately, the Defendant failed to appear and a deportation order was entered on August 16, 1996.

8. Pursuant to the Haitian Deferred Enforced Departure program, the Defendant has re-opened his request for permanent status. At present the Defendant's application remains pending with the Untied States Department of Justice Immigration and Naturalization Service. (See Exhibits D and E). The Immigration and Naturalization Service have agreed to administratively close cases of Haitians who are eligible for deferred enforced departure.

9. The Defendant has been authorized to work in the United States. (See Exhibits F and G).

10. The Defendant and his family are hard working people and are of limited means and assets. Consequently, the Defendant respectfully requests this Court impose a financial condition that does not result in the Defendant's pre-trial detention in violation of Title 18, United States Code, Section 3142 (c)(2).

WHEREFORE, the Defendant requests that this Court reduce the bond as set and order conditions of release that will not result in pre-trial detention and will reasonably assure the appearance of Edward Dany. The Defendant is prepared to present proof during an evidentiary hearing with regard to his suitability for release.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail/hand delivery this 28th day of February, 2000

F:\WORK\CLIENTS.CR\DANNY\M2SETBON.WPD                4

to: Robert Stefin, Office of the U.S. Attorney, 500 E. Broward Blvd., Suite 7001, Fort Lauderdale, Florida, Philip Horowitz, attorney for Charles Llewlyn, 12651 S. Dixie Hwy., Suite 328, Miami, Florida, 33156, David Rowe, attorney for Christopher Gilbourne, 18800 NW 2nd Avenue, Suite 105-A, Miami, Florida, 33169, Abe A. Bailey, attorney for Douglas McCloud, 18350 NW 2nd Aveneue, Fifth Floor, Miami, Florida, 33169, and Paul McKenna, attorney for Dorrel Bryan, 2666 Tigertail Avenue, Suite 104, Coconut Grove, Florida, 33133.

**MAIER AND MARCHETTA**
Attorneys for Defendant
915 Middle River Drive
Suite 401
Fort Lauderdale, FL 33304
(954) 766-9889

By: _____
ARTHUR E. MARCHETTA, JR.
Florida Bar #607479



**2280 W. Copans Road • Pompano Beach, Florida 33069 • (954) 772-3446**

| Main Fax: | Sales Fax: | Service Fax: | Production Fax: |
|---|---|---|---|
| (954) 335-5005 | (954) 938-9158 | (954) 771-5572 | (954) 772-0932 |

February 11, 2000

RE : Edouard Joe Dany
SSN: 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

To whom it may concern:

Edouard Joe Dany has been employed by Latite Roofing & Sheet Metal Co., Inc., since February 1, 1999, as a roofer. His rate of pay is $10.0 per hour plus overtime and bonus, and he works 40-60 hours per week.

If you are in need of any further information or assistance, please feel free to contact me at 954-772-3446.

Very truly yours,

Barbara H. Struve
Human Resource Administrator/Safety Supervisor

**EXHIBIT**

A

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

Continuation Sheet
(Hoja complementaria)

Dated (Fechada) APR 0 2 1996

Respondent (Demandado): JOEDANY, EDOUARD

File No. (No. de registro): 70 626 032

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)

Section 241 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that you entered the United States without inspection.
(Sección 241 (a) (1) (B) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que Ud. entró a los Estados Unidos sin inspección)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)

Address (Dirección): 155 SOUTH MIAMI AVE. ROOM 800
MIAMI, FL 33130-0000

On (Fecha): July 5, 1996    At (Hora): 9:00 am

and show cause why you should not be deported from the United States on the charge(s) set forth above.
(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados anteriormente.)

Dated (Fechada): APR 0 2 1996
Signature of Issuing Officer (Firma del funcionario que la expide): [signature]

City and State of Issuance (Ciudad y Estado donde se expide): MIAMI, FL
Title of Issuing Officer (Título del funcionario que la expide): Supervisory Asylum Officer

**EXHIBIT B**

-21 (Rev. 6/12/92) N

Page 3

```
            NOTICE OF HEARING IN DEPORTATION PROCEEDINGS
                         IMMIGRATION COURT
                   155 SOUTH MIAMI AVE., ROOM 800
                         MIAMI, FL   33130
```

RE: JOEDANY, EDOUARD
FILE: A70-626-032                                   DATE: Apr 25, 1996

TO:        JOEDANY, EDOUARD
           800 N. W. 3RD AVENUE, APT. 3
           FT LAUDERDALE, FL   33311

    Please take notice that the above captioned case has been scheduled for MASTER hearing before an Immigration Judge on Aug 16, 1996 at 9:00 A.M. at:

            155 SOUTH MIAMI AVE., ROOM 800
            MIAMI, FL   33130

    You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is accredited to represent persons before an Immigration Judge. Your hearing date has not been scheduled earlier than 14 days from the date of service of the Order to Show Cause, in order to permit you the opportunity to obtain an attorney or representative. You can request an earlier hearing in writing. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed.

    Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:
        1. You may be taken into custody by the Immigration and Naturalization Service and held for further action.
        2. Your hearing may be held in your absence under section 242(b) of the Immigration and Nationality Act. An order of deportation will be entered against you if the Immigration and Naturalization Service establishes by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are deportable.

    IF YOUR ADDRESS IS NOT LISTED ON THE ORDER TO SHOW CAUSE, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE OFFICE OF THE IMMIGRATION JUDGE MIAMI, FL, WRITTEN NOTICE OF YOUR ADDRESS AND PHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. IF YOU CHANGE YOUR ADDRESS, YOU MUST PROVIDE TO THE OFFICE OF THE IMMIGRATION JUDGE WRITTEN NOTICE WITHIN FIVE DAYS OF ANY CHANGE OF ADDRESS, ON FORM EOIR 33. WRITTEN NOTICE TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU, AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

    A list of pro bono attorneys and representatives has been provided to you by the Immigration and Naturalization Service. For information regarding the status of your case, call toll free 1-800-898-7180.

                                                                           3U

ANA



EXHIBIT C

```
              UNITED STATES DEPARTMENT OF JUSTICE
              IMMIGRATION AND NATURALIZATION SERVICE
                                              December 15, 1998
```

Receipt number: SRC9826551170                Extension Notice


EDOUARD JOEDANY
800 N W 3RD AVENUE APT 3
FORT LAUDERDALE FL 33311

                                              Applicant Notice


This is to inform you that the validity of your Employment
Authorization Document, scheduled to expire on December 22, 1998
has been extended until December 22, 1999 pursuant to notice in
the Federal Register dated December 14, 1998.  In other words, you
are authorized to work in the United States through December 22, 1999,
without any interruption of status if your employment authorization
document has an expiration date of December 22, 1998, and contains
'274A.12(A)(11)' on the face of the card under 'Provision of Law'.

You should present this letter with your Employment Authorization
Document, to your employer as proof of valid employment
authorization and identity for completion of the Employment
Eligibility Verification Form (Form I-9). Employers must accept
your Employment Authorization Document (along with this notice)
as a List A document on the Form I-9 for either initial verification
purposes (upon initial hire) or for re-verification purposes.
If an employer refuses to accept such documentation, please call
either number listed below for help.  Recipients of this special
Employment Authorization Document extension and employers are
reminded that this action does not affect the right of an employee
to present any other legally acceptable documents as proof of identity
and eligibility for employment.  Recipients of this special
Employment Authorization Document extension and employers are also
reminded that the laws prohibiting unfair immigration-related
employment practices remain in full force.

Any questions regarding this special Employment Authorization
Document extension should be directed to the INS Office
of Business Liaison at 1-800-357-2099.  If you believe you may
have suffered immigration-related job discrimination, you may call
the Office of Special Counsel for Immigration-Related Unfair
Employment Practices, Civil Rights Division, U.S. Department of
Justice, at 1-800-255-7688 or 1-800-237-2515 (TDD).



EXHIBIT F



