AO 245 S (Rev. 4/90) Judgment in a Criminal Case

FILED by ___ D.C.

OCT 27 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT

SOUTHERN                    District of                    FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| EDWARD DANY | Case Number:    00-6022-CR-MIDDLEBROOKS |
| TN: Edouard Joe Dany | Steven H. Kassner, Esq./Roger Stefin, AUSA |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)    One
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| Title 21, U.S.C. Section 846 | Conspiracy to Possess with Intent to Distribute Cocaine. | 01/13/2000 | One |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)    Two

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec.   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 | October 26, 2000 |
| | Date of Imposition of Judgment |
| Defendant's Date of   04/07/68 | |
| Defendant's USM No.:   60203-004 | |
| | Signature of Judicial Officer |
| Defendant's Residence Address: | |
| 800 N.W. 3rd Avenue | |
| Apt. 3 | DONALD M. MIDDLEBROOKS, U.S. DISTRICT JUDGE |
| Ft. Lauderdale, Florida  33311 | Name and Title of Judicial Officer |
| | 10/26/00 |
| Defendant's Mailing Address: | Date |
| c/o Federal Detention Center | |
| 33 N.E. 4th Street | |
| Miami, Florida 33132 | |

190/7

DEFENDANT:        EDWARD DANY
CASE NUMBER:    00-6022-CR-MIDDLEBROOKS-004

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of ___Seventy-eight (78) months____ .

IT BEING FURTHER ORDERED AND ADJUDGED that, upon completion of his sentence of incarceration, the Defendant shall be surrendered to the custody of the United States Immigration and Naturalization Service for deportation proceedings consistent with the Immigration and Nationality Act.

The Defendant shall receive credit for time served in federal custody to the fullest extent allowed by law.

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐    a☐ p.m.    on    _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on    _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:     EDWARD DANY
CASE NUMBER:   00-6022-CR-MIDDLEBROOKS-004

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    Three (3) years                        .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Sheet 3 - Continued 2 - Supervised Release

DEFENDANT:      EDWARD DANY
CASE NUMBER:   00-6022-CR-MIDDLEBROOKS-004

## SPECIAL CONDITIONS OF SUPERVISION

IT BEING FURTHER ORDERED AND ADJUDGED that the above-imposed term of supervised release shall become non-reporting should the Defendant either be deported or voluntarily leave the United States of America, it being further

ORDERED AND ADJUDGED that, as a Special Condition of Supervised Release, the Defendant shall not re-enter the United States of America without the expressed written permission of the Attorney General of the United States or her authorized representative, it being further

ORDERED AND ADJUDGED that, should the Defendant be granted permission to re-enter the United States of America during the term of his supervised release, the Defendant shall report to the nearest United States Probation Office within 72 hours of his arrival within the United States of America.

DEFENDANT:     EDWARD DANY
CASE NUMBER:   00-6022-CR-MIDDLEBROOKS-004

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $  100.00 | $ | $ |

☐   If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . .   $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $  $_____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   The interest requirement is waived.

    ☐   The interest requirement is modified as follows:

# RESTITUTION

☐   The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT:        EDWARD DANY
CASE NUMBER:    00-6022-CR-MIDDLEBROOKS-004

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    X    In full immediately; or

B    ☐    $ _____ immediately, balance due (in accordance with C, D, or E); or

C    ☐    not later than _____ ; or

D    ☐    in installments to commence _____ days after the date of this judgment.  In the event the entire amount of criminal
monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue
collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    ☐    in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
_____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of
imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty
payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be  made as
directed by the court, the probation officer, or the United States attorney.

Judgment — Page ___7___ of ___7___

DEFENDANT: EDWARD DANY
CASE NUMBER: 00-6022-CR-MIDDLEBROOKS-004

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

X The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):
The Court finds that this Defendant was a minimal participant in the offense and therefore will apply a four (4) point downward adjustment. Further, the Court finds that the statutory minimum mandatory sentence does not apply in this case.

## Guideline Range Determined by the Court:

Total Offense Level: _____28_____

Criminal History Category: _____I_____

Imprisonment Range: _____78_____ to _____97_____ months

Supervised Release Range: _____3_____ to _____5_____ years

Fine Range: $ __12,500.00__ to $ __1,000,000.00__

X Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __0.00__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

X The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):