**CONTINUATION**



UNITED STATES FEDERAL INMATE NO.60203004
DANY, EDWARD
FEDERAL CORRECTIONAL INSTITUTION
RR# 276  POB 1000
LORETTO, PA  15940-1000


HON.DONALD M. MIDDLEBROOKS, U.S.DISTRICT JUDGE
UNITED STATES FEDERAL COURTHOUSE
301 NORTH MIAMI AVENUE
MIAMI, FLORIDA  33128

    SUBJECT: COMPLAINT    CASE NO.006022-CR-MIDDLEBROOKS

    YOUR HONOR:

Please acknowledge this correspondenceas one of a notice and complaint, against attorney Arthur Marchetta, Jr. Specifically relating to the above case caption.

    You resided over the case May of 2000, In West Palm Beach Florida. Count one of my Indictment the goverment mention that I, Was In a meeting with co-defendants Charles Llewlyn, Douglas McCloud, Christopher Gilbourne and Dorrel Bryan concerning drug activity planing.

There was no proof that I, Edward Dany participated In such meetings, No video nor picture was accounted for this meeting, Further not testified by witness that Edward Dany was even present with the above subjects.

    Counselor Author Marchetta, Represent me not In my best Interest. He failed to prepare a defence against the January 13, 2000., Meeting so the jury could understand that It was a "Trick" By the goverment. Mr.Marchetta Is still requesting money from my family, I will send the letter to the cleark that was written and forwarded by the office of Mr.Marchetta to my family terrorizing them about money.

    I, Request of you court politely to Inform Mr.Marchetta office to reframe from such unprofessional conduct. I'am In prison Innocent without a dime. Once more I, Would like to remind you that I have absolutely nothing to do what so ever with what I'am In prison for.,

**CONTINUATION**

MIDDLEBROOKS,

      I'am only asking for justice to be a free man once more. I' awaite your reply and respectfully request a copy of your correspondence forwarded to Mr.Marchetta specifically concerning stated herein.

IN GOD WE TRUST, THANK YOU.
RESPECTFULLY SUBMITTED,

*Edward Dany #60203004* 
DANY EDWARD, INNOCENT PRISONER

6-6-01
DATE

                                  6/6/01
                         Authorized by the Act of
                         July 27, 1955, to administer
                           oaths (18 USC 4004).

COUNSEL, AURTHUR MARCHETTA,JR.
915 MIDDLE RIVER DRIVE SUITE 401
FT.LAUDERDALE, FL 33304
(954)566-9889

## EXPLANATION OF EDWARD DANNY AGAINST INJUSTICE

*To M.R Donald M. Middlebrooks*

EDWARD DANNY
REG. # 60203-004
F.C.I. LORETTO
P.O. BOX 1000
LORETTO, PA. 15940

Dear Friends,

I am writing this information for all the affidavits and letters wrote because they are long and I don't have enough space to include all the names of those involved in my case.

I know that the truth always hurts because people don't like the truth. Everyone should understand that when one suffers it is not sweet. I know what suffering is because I am innocent of the charges against me. That's why I am letting the truth be told.

I was arrested on January 14, 2000. My trial was in May of 2000. I was unjustly sentenced on October 26, 2000 to *78* months.

My paid lawyer at trial was:
>Arthur E. Marchetta, Jr.
>915 Middle River Drive
>Ft. Lauderdale, Fl. 33304

My Public Defender for sentencing and Appeal was:
>Steven H. Kassner, PA
>815 Ponce Leon Blvd. Suite 303
>Coral Gables, Fl. 33134

The Assistant United States Attorney was:
>Roger Stefin
>500 East Broward Blvd.
>Seventh Floor
>Ft. Lauderdale, Fl. 33301

In front of the Honorable Donald M. Middlebrooks
>United States District Judge
>Southern District of Florida
>Federal Courthouse Square
>301 North Miami Avenue
>Miami, Florida 33128

*Edward Dany*

_____ 3-27-01
Authorized by the Act of
July 27, 1955, to administer
oaths (18 USC 4004).

## Law Offices of
# Maier and Marchetta
### A Partnership of Professional Associations

Daniel R. Maier
Trial Lawyer, Personal Injury
Wrongful Death

Arthur E. Marchetta, Jr.
Trial Lawyer, Personal Injury
Criminal Law

Galleria Professional Building
915 Middle River Drive
Suite 401
Fort Lauderdale, FL 33304

Phone: (954) 566-9889
Fax: (954) 566-7980

September 22, 2000

Monestine Dany
3597 NW 40th Court
Fort Lauderdale, Florida 33309

    Re:   USA vs. Edward Dany
           Case No. 00-6022-CR

Dear Monestine:

    Although I am extremely disappointed we lost the trial, I take issue with the comments of the alleged community leader you put on the phone to speak with me on September 20, 2000. Regardless, he is entitled to his opinion.

    If you are interested in meeting with me to discuss your brother's case, I will meet with you and your family.

    Please remember, I agreed to charge $15,000.00 to represent Edward. To date, I have received $7,500.00. Consequently, additional funds are due and owing my office. Please submit a payment at your earliest convenience.

                                              Sincerely,

                                              MAIER AND MARCHETTA

                      By:  _____
                           ARTHUR E. MARCHETTA, JR.
                           For the Firm

AEM/mt

F:\WORK\CLIENTS.CR\DANY\MONESTIN.WPD

decision of the Supreme Court,[18] and involve a new rule of *constitutional* law.[19]

*Apprendi* is clearly a recent decision of the Supreme Court announcing a rule of constitutional law. The Court states the *Apprendi* rule as follows:

> [I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.

*Apprendi*, ___ S. Ct. at ___, 2000 WL 807189 at *13. The question is whether this is a "new" rule for purposes of § 2255 ¶ 8.

Although there is little case law discussing when a rule of law is "new" for purposes of the AEDPA, some courts have looked to the new rule analysis employed in *Teague v. Lane*, 489 U.S. 288 (1989), for guidance.[20] Under *Teague*, a case announces a "new rule" (1) when "it breaks new ground or imposes a new obligation" on the government; or (2) "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.*, 489 U.S. at 301. Stated another way, a ruling is "new" for purposes of *Teague* if susceptible to "debate among reasonable minds," *Butler v. McKellar*, 494 U.S. 407, 415 (1990), as to which there could have been "reasonable, good-faith interpretations of existing precedents" deciding the question the opposite way. *Id.* at 414. Indeed, in considering whether a rule was "new," the court may consider the fact of a split in the lower courts on the question. *See id.*, 494 U.S. at 415 (rule is new if there is a "significant difference of opinion on the part of several lower courts that had considered the question

---

Court decided *Ford* in 1986); *Nguyen v. Gibson*, 162 F.3d 600, 601 (10th Cir. 1998) (same); *In re Medina*, 109 F.3d 1556, 1564 (11th Cir. 1997) (same); *Villafuerte v. Stewart*, 142 F.3d 1124, 1125 (9th Cir. 1998) (holding Vienna Convention claims were not "new" as Convention has been in effect since 1969); *Lopez v. Douglas*, 141 F.3d 974, 976 (10th Cir.) (holding claim under *Cooper v. Oklahoma*, 517 U.S. 348 (1996), not "new" where "[i]n *Cooper*, the Supreme Court explained at great length how years of case and statutory law supported its holding), *cert. denied*, 119 S. Ct. 556 (1998); *Hatch v. State of Oklahoma*, 92 F.3d 1012, 1016 n.3 (10th Cir. 1996) (same); *In re Jones*, 137 F.3d 1271, 1273 (11th Cir.) (concluding Eighth Amendment challenge to electric chair does not rely on a new rule of constitutional law), *cert. denied*, 118 S. Ct. 1351 (1998); *In re Provenzano*, 179 F.3d 1326, 1327 (11th Cir. 1999) (same); *Ruiz v. Norris*, 104 F.3d 163, 165 (8th Cir. 1997), *cert. denied*, 117 S. Ct. 725 (1997) (no new rule of constitutional law where rule petitioner relies upon – that the Eighth Amendment requires an adequate narrowing of the class of death-eligible defendants – "has been and remains the same.").

[18] *See Pease v. Klinger*, 115 F.3d 763, 765 (10th Cir. 1997) (order issued in a state postconviction proceeding in another case is not "an authorized ground upon which this court can grant permission to file a successive habeas petition"); *Medina*, 109 F.3d at 1566 (no authorization to file successive petition where claim based on decisions of state supreme court); *Ruiz*, 104 F.3d at 163 (same).

[19] *See Bush v. Singletary*, 99 F.3d 373, 375 (11th Cir. 1996).

[20] *See In re Green*, 144 F.3d 384, 387 (6th Cir. 1998); *Bannister v. Bowersox*, 128 F.3d 621, 622-623 (8th Cir. 1997) (concluding *Teague* analysis is "instructive").

July 10, 2000 (9:37am)                6